**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BRUCE LYNN COLLINS,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. 10-CV-0352-CVE-FHM<br>) |
| **JUSTIN JONES, Director;**<br>**GREG PROVINCE, Warden;**<br>**STEVE MOLES, Unit Manager;**<br>**CHERRY BANKSTA, Property Officer,** | )<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## **OPINION AND ORDER**

On June 1, 2010, Plaintiff, a state inmate appearing pro se, filed a civil rights complaint (Dkt. # 1). On October 6, 2010, Defendants filed a motion to dismiss and, in the alternative, motion for summary judgment (Dkt. # 25), along with a Special Report (Dkt. # 26). Plaintiff filed a response to both the motion to dismiss and the Special Report (Dkt. ## 33, 34). Defendants filed a reply (Dkt. # 37). On December 27, 2010, Plaintiff filed a "Notice to the Court and Request to Dismiss the Case Without Prejudice in Order to Exhaust the Misconduct Findings" (Dkt. # 38). Defendants filed a response (Dkt. # 39) in support of Plaintiff's motion to dismiss. For the reasons discussed below, the Court finds Plaintiff's motion to dismiss shall be granted. Defendants' motion to dismiss, or in the alternative, motion for summary judgment shall be declared moot.

## BACKGROUND

The events giving rise to Plaintiff's claims occurred at Dick Conner Correctional Center ("DCCC"), located in Hominy, Oklahoma. In his complaint (Dkt. # 1), Plaintiff identifies two (2) claims, as follows:

Count I: Violation U.S.C.A. Const. Fifth Amendment. Defendants violate [sic] my right to remain silent during questioning by the FBI.

Count II: Personal property. Defendants retaliated against Plaintiff by seizing various law books and documents.

(Dkt. # 15). In support of his first claim, Plaintiff alleges that on December 8, 2009, two FBI agents came to DCCC and attempted to question him about a legal document bearing a forged signature of a Federal Judge. Id. Plaintiff claims he was read his rights under Miranda and that he invoked his Fifth Amendment right to remain silent. Id. He further claims that the FBI agents and Unit Manager Steve Moles attempted to coerce him by referencing his upcoming parole consideration and threatening to issue a misconduct "for refusing to cooperate with the FBI."[1] Id. As to his second claim, Plaintiff asserts that on December 24, 2009, he was transferred to Cimarron Correctional Facility ("CCF"). However, certain items of personal property, including "assorted books and legal notebook materials, radio walkman," were not transferred with him and were destroyed by Defendant Cherry Banksta. Id. Based on those allegations, Plaintiff claims he was deprived of his personal property without due process. He also alleges that in August of 2009, he was "dismissed/fired" from his prison job because Defendants Province and Moles became aware that

---

[1] In their Special Report (Dkt. # 26), Defendants state that on December 10, 2009, Defendant Moles wrote an offense report for refusing to cooperate with the investigation. As of the date of the Special Report, there was no record that Plaintiff has received a hearing or been sanctioned based on the offense report. Id.

he was preparing to file a "grievance/complaint" against them. Id. In his request for relief, Plaintiff asks for "compensatory and punitive damages in excess $35,000." Id.

In response to the complaint, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment (Dkt. # 25), asserting three (3) bases for dismissal or entry of summary judgment, as follows: (1) Plaintiff's Fifth Amendment claim fails as a matter of law because his statements were not used against him in a criminal case, (2) Plaintiff's Fourteenth Amendment claim fails because he had an adequate post-deprivation state remedy for his loss of personal property, and (3) Plaintiff has not exhausted administrative remedies as to his claim of retaliatory removal from his prison job. See Dkt. # 25. In response to the motion to dismiss, Plaintiff alleges that on October 18, 2010, approximately 10 months after his meeting with the FBI and 4 months after commencing this action, he was found guilty of failure to cooperate with an investigation, a Class A misconduct. See Dkt. # 33. In reply, Defendants claim, inter alia, that (1) any challenge by Plaintiff to the misconduct amounts to a challenge to his ongoing incarceration and is barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994), (2) that Plaintiff has failed to exhaust his administrative remedies for any claim challenging the misconduct as provided in OP-060125, "Department Inmate Disciplinary Procedures," and (3) that he has failed to follow procedures to fully exhaust administrative remedies for his claim based on loss of personal property as provided in OP-090124.

On December 27, 2010, Plaintiff filed a motion to dismiss this case without prejudice in order to exhaust administrative remedies as to the challenged misconduct. See Dkt. # 38. In his motion, Plaintiff requests dismissal of the instant action so that his can exhaust state remedies "concerning the main issue herein complained of (the retaliation for invoking his rights to remain

3

silent during questioning).'' Id. (emphasis in original). He does not address Defendants' assertions that he has also failed to exhaust administrative remedies as to his claims challenging destruction of his personal property and alleging retaliatory dismissal from a prison job. Defendants filed a response supporting Plaintiff's request for dismissal. See Dkt.# 39.

*ANALYSIS*

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 548 U.S. 81 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s exhaustion requirement. Booth, 532 U.S. at 741 n.6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

To satisfy the exhaustion requirement, an inmate must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of is proceedings." Ngo, 548 U.S. at 90-91. As a

4

result, "the PLRA exhaustion requirement requires proper exhaustion." Id. at 93; see also Jones v. Bock, 549 U.S. 199 (2007); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). When a prisoner's claim has been rejected by prison authorities on procedural grounds, that claim "should be dismissed from the plaintiff's complaint with prejudice." Kikumura v. Osagie, 461 F.3d 1269, 1290 (10th Cir. 2006), overruled on other grounds by Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

In his motion to dismiss (Dkt. # 38), Plaintiff acknowledges that he has failed to exhaust administrative remedies as to any claim challenging the misconduct.[2] In addition, there is support in the record for Defendants' claim that Plaintiff has failed to complete the exhaustion of administrative remedies for his claim concerning destruction of personal property. See Dkt. # 26, attachments 3, 4, 5, and 6. Lastly, Plaintiff has not controverted Defendants' evidence demonstrating that he failed exhausted administrative remedies for his retaliatory discharge claim. See Dkt. # 25, Ex. 2. Therefore, Plaintiff's voluntary motion to dismiss shall be granted. This action shall be dismissed without prejudice on Plaintiff's motion. Defendants' motion to dismiss, or in the alternative, motion for summary judgment shall be declared moot.

---

[2]As noted by Defendants, the complaint (Dkt. # 1) does not include a claim challenging the misconduct, entered after commencement of this action. In addition, Plaintiff is advised that he is not entitled to damages on a challenge to the misconduct unless he demonstrates that the misconduct finding has been set aside. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated"); Edwards v. Balisok, 520 U.S. 641, 645, 648 (1997) (extending holding of Heck to prison disciplinary actions).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's voluntary motion to dismiss (Dkt. # 38) is **granted**.

2. Plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** on Plaintiff's motion.

3. Defendants' motion to dismiss, or in the alternative, motion for summary judgment (Dkt. # 25) is **declared moot**.

4. This is a final Order. A separate Judgment shall be entered in favor of Defendants.

**DATED** this 15th day of April, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT